RENDERED: MAY 2, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0696-MR

KEVIN LAMONT FRANKLIN              APPELLANT

v.
     APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANN BAILEY SMITH, JUDGE
ACTION NO. 14-CR-001318

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; A. JONES AND LAMBERT, JUDGES.

JONES, A., JUDGE: Kevin Lamont Franklin, *pro se*, appeals from the Jefferson Circuit Court's order denying his motion to vacate his sentence pursuant to RCr[1] 11.42. Following our review of the record and the law, we affirm.

---

[1] Kentucky Rules of Criminal Procedure.

# I. BACKGROUND

As summarized by the Kentucky Supreme Court, the facts in this case surround a shooting death which occurred near the home of Franklin's grandfather in Jefferson County:

> On the evening of May 10, 2014, Franklin was at his grandfather Buck's home. His great uncle, Edward Jumper, saw him that evening. Franklin came out of Buck's home and walked over to the home of Miss Nini, Buck's neighbor, where Jumper was visiting. Jumper was at Miss Nini's garage with two other men: Sammy Wright and Walter Bald. Jumper testified that, at some point that evening, Franklin saw someone in the area and said, "That's the man I got to get." He walked out of sight and Jumper heard gunshots. According to Jumper, Franklin returned to the garage and gave Bald a gun, which Bald then took into his own home; Bald disputes this statement and states that Franklin never gave him a gun. Bald's involvement was largely contested as his recorded interview was wholly inconsistent with his testimony at trial.
>
> Jumper also testified that Franklin's mother, Tracy Howard, pulled up in her vehicle some time later. Franklin got into the trunk and Howard drove away. Jumper left the scene without talking to police.
>
> Another man in the area, Thomas Edelen, also heard the gunshots. He found a man, later identified as Nick Baker, lying near death after having been shot multiple times. Baker had been dating Franklin's first cousin, Jasmine Howard. Baker ultimately died from his injuries.
>
> Bald led detectives to a firearm in a tree stump near Miss Nini's home. Forensic evidence determined

> that it was the same gun that fired shell casings found at
> the scene and the bullet found in Baker's body.

*Franklin v. Commonwealth*, No. 2016-SC-000330-MR, 2017 WL 5031531, at *1 (Ky. Nov. 2, 2017). Franklin was tried and convicted for murder[2] and tampering with physical evidence.[3] On June 8, 2016, the trial court entered its written judgment sentencing Franklin to a term of thirty years' imprisonment. The Kentucky Supreme Court affirmed the conviction and sentence on direct appeal. *Franklin*, 2017 WL 5031531, at *7.

On November 27, 2017, Franklin, *pro se*, filed a motion to vacate his sentence pursuant to RCr 11.42, arguing he suffered numerous instances of ineffective assistance by his trial counsel. Franklin's original *pro se* motion was later supplemented by counsel, who added additional issues supporting the motion.[4] The trial court stayed the proceedings, at Franklin's request, until May 12, 2022, when the trial court conducted an evidentiary hearing.[5] The hearing

---

[2] Kentucky Revised Statute (KRS) 507.020, a capital offense.

[3] KRS 524.100, a Class D felony.

[4] During the pendency of Franklin's RCr 11.42 motion, the Department of Public Advocacy (DPA) reviewed the case and moved the trial court for permission to withdraw its representation, asserting this was not a case which "a reasonable person with adequate means would bring at his or her own expense." (Record (R.) at 409 (citing KRS 31.110(2)(c)).) The trial court granted DPA's motion to withdraw on April 6, 2018. Franklin then obtained other counsel to assist with his RCr 11.42 motion.

[5] We note here that the delay in resolving the RCr 11.42 motion is primarily due to abeyances sought by Franklin while he pursued relief in his direct appeal at the Kentucky Supreme Court and then at the United States Supreme Court. Franklin filed his original RCr 11.42 motion while

-3-

focused on the issues raised in counsel's supplemental motion: first, that trial counsel allegedly did not convey the Commonwealth's ten-year plea offer to Franklin; and second, that trial counsel failed to present a self-protection defense.

During the evidentiary hearing, the trial court heard testimony from Franklin, his mother, his father, his trial counsel, and the Assistant Commonwealth's Attorney who prosecuted his case. Regarding the plea offer, both the prosecutor and Franklin's trial counsel testified that the last plea offer was for a ten-year sentence. Trial counsel added that he conveyed the ten-year plea offer to Franklin, but there was no written record of it because the offer was oral and made during the trial itself. Nonetheless, Franklin's trial counsel was certain that he presented this offer to Franklin.

Trial counsel also recollected that Franklin was adamant in rejecting previous plea offers, to the point of agitation when these offers were presented to him. Trial counsel testified how, when he and his supervisor visited Franklin in the detention center regarding a twenty-year plea offer, Franklin became upset and expressed that he did not want to hear about plea deals. The supervisor told Franklin that they were ethically obligated to tell him about these plea offers. In the end, trial counsel testified that Franklin wanted "seven at twenty, or nothing";

---

the decision in his direct appeal was still pending. The trial court granted Franklin's motions to stay the RCr 11.42 pleadings while he pursued these avenues of relief. Franklin did not move to terminate the stay until August 30, 2021. The trial court granted the motion and scheduled an evidentiary hearing on the RCr 11.42 motion shortly thereafter.

*i.e.*, that Franklin would only accept a guilty plea in exchange for a seven-year prison term at twenty percent parole eligibility.

Franklin, along with his mother and father, presented significantly different testimony about the plea offers. Franklin's mother testified that Franklin wanted a ten-year plea, and Franklin's father asserted he had told his son to take a ten-year plea if one were offered. Franklin testified that he knew he had a twenty-year plea offer during the pretrial phase, but he believed that this was a poor offer compared to the offers which he had heard other inmates had obtained in their cases. He received similar information reinforcing this view from his father, who was serving his own prison sentence at that time. Franklin stated he did not receive a ten-year offer for a guilty plea, and he would have accepted such an offer if it had been presented to him.

The second issue presented during the evidentiary hearing surrounded trial counsel's alleged failure to present a defense on grounds of self-protection. Franklin testified that he killed the victim in this case, but it was because the victim was about to pull a gun. The prosecutor in the case confirmed that the victim's body was discovered along with a nearby firearm, which is one of the reasons that he was willing to offer Franklin a ten-year sentence in exchange for a guilty plea.

However, trial counsel testified that Franklin refused to consider a self-defense strategy. Franklin's defense at trial centered around his blanket denial

of being the shooter, and he directed trial counsel's defense accordingly. Advised by his father, Franklin sent his trial counsel "proposed jury instructions which did not include a self-protection instruction or even any lesser included offense instructions[.]" (R. at 499.) According to trial counsel, Franklin insisted that he was "not there when this happened," he did not own a gun, and that witnesses, including his grandmother, would provide him with an alibi. Trial counsel then added that he met with Franklin's family, including Franklin's grandmother and grandfather, and the grandmother refused to serve as an alibi witness for Franklin. Trial counsel stated his impression was that Franklin and his family were always "holding back" during conversations with him, as though they had a plan and did not wish to tell him what the plan was.

After hearing the testimony and the arguments of counsel, the trial court entered an order denying Franklin's RCr 11.42 motion. This appeal followed.

## II. ANALYSIS

A successful petition for relief under RCr 11.42 based on ineffective assistance of counsel must survive the twin prongs of "performance" and "prejudice" provided in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), *accord Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985). The "performance" prong of *Strickland* requires as follows:

> Appellant must show that counsel's performance was deficient. This is done by showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, or that counsel's representation fell below an objective standard of reasonableness.

*Parrish v. Commonwealth*, 272 S.W.3d 161, 168 (Ky. 2008) (internal quotation marks and citations omitted). The "prejudice" prong requires a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064).

Both *Strickland* prongs must be met before relief pursuant to RCr 11.42 may be granted. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. This is a very difficult standard to meet. "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010).

Franklin presents numerous issues on appeal which he has categorized into five essential arguments. First, he contends his trial counsel failed to inform him that the Commonwealth offered him a negotiated plea for a ten-year sentence. Second, Franklin argues his trial counsel was ineffective for its failure to investigate or present a defense at trial based on self-protection. Third, Franklin

contends his trial counsel was ineffective when negotiating a plea by failing to present Franklin's counteroffer of a seven-year term to the Commonwealth, when the Commonwealth offered a ten-year sentence. Fourth, Franklin argues his post-conviction counsel was ineffective based on his failure to review and enter trial counsel's notes into the record. Fifth, and finally, Franklin asserts post-conviction counsel was ineffective for failing to perfect or supplement his motion to vacate sentence under RCr 11.42. We discuss each argument in turn below.

Franklin's first two arguments were raised before the trial court in the evidentiary hearing and are thus preserved. In his first argument, Franklin contends his trial counsel failed to inform him that the Commonwealth offered him a ten-year sentence in exchange for a guilty plea. However, trial counsel testified during the evidentiary hearing that he conveyed this offer to Franklin, who rejected it. The trial court chose to believe trial counsel's testimony, and we are not at liberty to second-guess which witnesses the trial court chooses to believe. When an evidentiary hearing is conducted, "a reviewing court must defer to the determination of the facts and witness credibility made by the trial judge." *Haight v. Commonwealth*, 41 S.W.3d 436, 442 (Ky. 2001) (citations omitted), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009). We discern no ineffective assistance of trial counsel on this issue.

In Franklin's second argument, he asserts his trial counsel erroneously failed to investigate or present a self-protection argument on his behalf. In evaluating this claim, the trial court ruled that this did not constitute defective performance by counsel because Franklin instructed his trial counsel to pursue a different strategy. In the evidentiary hearing, trial counsel explicitly described how Franklin wished to pursue a strategy which denied he was ever present at the shooting, to the exclusion of asserting self-defense. Furthermore, the trial court's order accurately recounts how Franklin acknowledged sending jury instructions to his trial counsel which did not include a self-protection instruction.

We agree with the trial court's reasoning. Under these circumstances, trial counsel did not act unreasonably in focusing on the defense chosen by his client. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066. Trial counsel testified that he thought self-defense would have been a better choice, but Franklin was not willing to state that the victim pulled a gun on him, insisting that he was not present at all. In essence, trial counsel could not reasonably pursue a self-protection defense, even when he thought it might be a better choice, because his client was not willing to supply

information or otherwise support such a strategy. The trial court believed trial counsel's account, and we must defer to the trial court's evaluation of the testimony. *Haight*, 41 S.W.3d at 442. Franklin has not demonstrated ineffective assistance by counsel on this issue.

In Franklin's third argument on appeal, he contends his trial counsel demonstrated ineffective assistance during plea negotiations when he failed to convey Franklin's counteroffer of a seven-year term to the Commonwealth, when the Commonwealth offered a ten-year sentence. This issue is not preserved; Franklin claims the issue only came to light during the evidentiary hearing during trial counsel's testimony, and he asserts his post-conviction counsel "fail[ed] to preserve the issue." (Appellant's Brief at 12.) Franklin requests palpable error review under RCr 10.26.

According to the language of the rule, palpable error review is discretionary: "A palpable error which affects the substantial rights of a party *may* be considered by the court on motion for a new trial or by an appellate court on appeal . . . ." RCr 10.26 (emphasis added). Under the circumstances of this case, we do not consider palpable error review appropriate. The record reflects Franklin did not bring this issue to the trial court's attention for possible correction at any point before, during, or after the evidentiary hearing. "When an issue has not been addressed in the order on appeal, there is nothing for us to review. Our

-10-

jurisprudence will not permit an appellant to feed one kettle of fish to the trial judge and another to the appellate court." *Owens v. Commonwealth*, 512 S.W.3d 1, 15 (Ky. App. 2017) (footnote and citations omitted).

Moreover, even if this issue was preserved, and even if Franklin could convincingly demonstrate that his trial counsel did not present a counteroffer of a seven-year sentence to the prosecutor, he cannot show how this would have prejudiced him under the second prong of *Strickland*. There is nothing in the record to support a claim that the prosecutor would have accepted a seven-year plea offer. Speculative claims, *i.e.*, "claim[s] that certain facts *might* be true . . . cannot be the basis for RCr 11.42 relief." *Mills v. Commonwealth*, 170 S.W.3d 310, 328 (Ky. 2005), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009). Because a movant must meet both prongs of *Strickland* before relief pursuant to RCr 11.42 may be granted, *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064, there is no need to consider whether counsel's performance was deficient.

Franklin's fourth and fifth arguments on appeal concern the performance of his post-conviction counsel. He contends his post-conviction counsel was ineffective for failing to review and enter trial counsel's notes from the evidentiary hearing into the record and for failing to perfect or supplement his motion to vacate sentence under RCr 11.42. These issues are easily resolved

because "[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Bowling v. Commonwealth*, 981 S.W.2d 545, 552 (Ky. 1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S. Ct. 2546, 2566, 115 L. Ed. 2d 640 (1991)).

### III. CONCLUSION

For the foregoing reasons, we affirm the Jefferson Circuit Court's order denying relief under RCr 11.42.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Kevin Lamont Franklin, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky